UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY VASQUEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>JEFF MACOMBER,<br><br>          Defendant. | Case No. 23-cv-06109-SVK<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING LEAVE TO PROCEED IN<br>FORMA PAUPERIS**<br><br>Re: Dkt. No. 5 |

## INTRODUCTION

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging prison disciplinary proceedings.[1] He has applied for leave to proceed in forma pauperis. (ECF No. 5.) For the reasons stated below, respondent is ordered to show cause why the petition should not be granted.

## DISCUSSION

A.     <u>Background</u>

Officials at the California Training Facility found petitioner guilty of violating prison rules by failing to follow orders to move to a different unit in his prison. As part of his punishment, officials assessed a loss of 61 days of time credits. (ECF No. 1 at 28, 32, 35.) Petitioner filed a grievance challenging this decision, which was denied, and his appeal of that denial to the Office of Appeals was also denied. (*Id.* at 52.) His habeas petitions in the Monterey County Superior Court and the California Supreme Court were also denied. (*Id.* at 55-60.)

///

///

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 6, 7.)

B.   Standard of review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

C.   Petitioner's claims

Petitioner claims the disciplinary finding violated his right to equal protection and due process because another inmate who did the same thing as him was found not guilty. A challenge to a prison disciplinary finding that resulted in assessment of time credits may be brought in a petition for a writ of habeas corpus because reinstatement of the time credits would affect the duration of the prisoner's custody. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011). "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Prison disciplinary findings assess time credits generally must afford the prisoner procedural protections required by his or her constitutional right to due process, *see Sandin v. Conner*, 515 U.S. 472, 484 (1995), including that the disciplinary findings are supported some reliable evidence, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). When liberally construed, the Petition presents cognizable claims for the violation of petitioner's federal constitutional rights and for federal habeas relief. Accordingly, respondent is ordered to respond to the Petition.

///

///

///

///

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this order and a magistrate judge consent form upon the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **February 16, 2024**.

2. Respondent shall file with the Court and serve on petitioner, on or before **April 16, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on respondent on or before **May 16, 2024**.

3. Respondent may, on or before **April 16, 2024**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition on or before **May 16, 2024,** and respondent shall file with the Court and serve on petitioner a reply on or before **May 30, 2024**.

4. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

///

///

///

5.  Petitioner's motion for leave to proceed in forma pauperis is GRANTED due to his lack of funds.

**IT IS SO ORDERED.**

Dated: January 17, 2024

                                              _____
                                              Susan van Keulen
                                              United States Magistrate Judge