UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY VASQUEZ,<br>　　　　Petitioner,<br>　v.<br>JEFF MACOMBER,<br>　　　　Respondent. | Case No. 23-cv-06109-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 10 |

## INTRODUCTION

Petitioner Rudy Vasquez seeks federal habeas relief from a prison disciplinary decision that resulted in the deprivation of time credits. Respondent moves to dismiss the petition because it fails to state any claim for relief. Vasquez has filed two oppositions to the motion and respondent has filed a reply.

Respondent's motion to dismiss is GRANTED and the petition is DISMISSED. Vasquez has not stated any cognizable habeas claims because success on his claims would not necessarily lead to a speedier release: he is serving an indeterminate term and an unexpunged prison disciplinary decision would not necessarily lead to a grant of parole.

## BACKGROUND

Vasquez is a California state prisoner who has been serving an indeterminate sentence for second degree murder and attempted first degree murder since 1994. (Mot. to Dismiss (MTD), Dkt. No. 10 at 2; Ex. 1, Dkt. No. 10 at 11.) In June 2022, he received a Rules Violation Report (RVR) after he refused to move to a different housing unit at CTF-Soledad: "I'm not moving, do what you got to do." (Pet., Superior Court Denial, Dkt. No. 1 at 59.) He was found guilty at the disciplinary hearing. (*Id.*) He lost 61 days of credit

1  and some privileges. (MTD, Dkt. No. 10 at 3.) Vasquez's attempts to overturn the
2  disciplinary decision in state court were unsuccessful. (*Id.* at 3.) This federal habeas
3  petition followed.
4      As grounds for federal habeas relief, Vasquez claims "the disciplinary finding
5  violated his right to equal protection and due process because another inmate who did the
6  same thing as him was found not guilty." (Order to Show Cause, Dkt. No. 6 at 2.)

### DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases enables a district judge to order a summary dismissal of a petition "[i]f it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief in the district court." "Thus, Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

Any deprivation of time credits allegedly impacting a prisoner's sentence, i.e., impacting his or her duration of confinement, may generally only be remedied by way of habeas corpus. *See Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1989); *Toussaint v. McCarthy*, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986). But not all claims arising from prison disciplinary decisions that result in the loss of time credits are cognizable in a habeas petition. If relief will not "necessarily lead to immediate or speedier release," no federal habeas claim lies. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). For instance, if a habeas petitioner is serving an indeterminate sentence of 25 years to life, a restoration of lost credits will not necessarily speed release. If an inmate is serving a determinate term of, for example, 10 years, a restoration of credits will indeed speed release. In the first example, no habeas claim lies. In the second, there is a cognizable habeas claim.

Furthermore, no claim will lie on the premise that an unexpunged disciplinary decision might affect parole. Parole decisions are based on many factors, prison disciplinary decisions being just one of them. *Id.* at 935. "Because the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' []

2

the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id.* (quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)).

Vasquez has not stated a cognizable due process claim. He is serving an indeterminate term and therefore relief from the disciplinary decision will not necessarily speed his release. And habeas jurisdiction does not exist merely because the disciplinary decision may affect his parole suitability. *Nettles*, 830 F.3d at 934-35. ("Success on the merits of Nettles's claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole.").

Nor has he stated a cognizable equal protection clam. As above, success on such a claim would not necessarily speed his release: he is serving an indeterminate term and an expungement of the prison disciplinary decision would not necessarily lead to a grant of parole.

And all that said, even if his claim were cognizable, it would fail on the merits. The Equal Protection Clause of the Fourteenth Amendment prohibits the arbitrary and unequal application of state law, which is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "[A] mere demonstration of inequality is not enough; the Constitution does not require identical treatment. There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises: it is a 'settled rule that the Fourteenth Amendment guarantees equal laws, not equal results.' " *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991) (quoting *Personnel Adm'r v. Feeney*, 442 U.S. 256, 273 (1979).) A plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

1     Vasquez claims that his equal protection rights were violated because he was found guilty while his cellmate and a neighboring inmate, who also refused to move, were not found guilty.  But Vasquez is not in a protected class.  Moreover, there was a rational basis for the different outcomes.  Because his cellmate (Stewart) uses a CPAP machine, protocols provided that he was to be housed in a cell living environment, a fact noted at Stewart's RVR hearing.  (MTD, Dkt. No. 10 at 6-7.)  At Vasquez's RVR hearing, he testified that he refused to move because he would not be able to complete his parole board paperwork in the Toro Dorm.  (Pet., Disciplinary Hearing Results, Dkt. No. 1 at 35.)

    Even if I could consider the claim on the merits, I would have to reject it.  Because there was a rational basis for the different outcomes, the state court's rejection of this claim was reasonable and would be entitled to AEDPA deference.

## CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Dkt. No. 10.)  This federal habeas action is DISMISSED.

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 9, 2025



WILLIAM H. ORRICK
United States District Judge

4